**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CARY JOHNSON**                                                                 **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 4:21-CV-57-SA-DAS**

**GEICO GENERAL INSURANCE COMPANY**                                **DEFENDANT**

### ORDER DENYING MOTION TO AMEND

The plaintiff in this action is suing his insurance company for damages and injuries he alleges were sustained on May 29, 2019 in a hit and run accident in Washington County, Mississippi. He also accuses his insurance company of bad faith in failing to adjust his claim which required him to obtain an attorney and bring suit.

Among other defenses raised in its Sixteenth Defense, GEICO alleged fraud. The plaintiff filed a motion to strike this defense because it does not include any specific factual allegations to support the allegation of fraud. While responding to and arguing the motion to strike should be denied, the defendant has filed a motion to amend its answer.

Rule 9(b) of the Federal Rules of Civil Procedure sets forth the requirements for pleading fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, or other conditions of a person's mind may be alleged generally." *Id.*

The plaintiff opposes the motion to amend asserting that the proposed amended complaint, like the original, fails to provide any factual support for the allegation of fraud. GEICO asserts that it has been very specific in its allegations of the who, what and when of the

plaintiff's statements during the investigation of his claim. GEICO asserts that its defense "specif[ies] the statements contended to be fraudulent, identif[ies] the speaker, state[s] when and where the statements were made and explains[s] why the statements were fraudulent"' Quoting *Donnell v. Hartford Cent. Prop. Claims Region,* 2015 WL 3504819 at * 1 (S.D. Miss. June 3, 2015).

In its proposed amended answer the defendant adds the following allegations. "By letter dated January21, 2020, the plaintiff made an uninsured motorist claim with GEICO, asserting that he was involved in a motor vehicle accident and that the 'adverse driver left the scene of the accident which is now considered an uninsured motorist under my policy coverage.' On August 26, 2020, the Plaintiff appeared for an examination under oath in connection with the investigation of his claim, testifying that the subject motor vehicle accident was a hit-and-run and denying that he staged or participated in the staging of the subject accident. Furthermore, the Plaintiff commenced this action alleging that the subject motor vehicle accident was a "hit and run" and that he sustained injuries as a result of the negligence of a hit-and-run motorist. The representations made by the Plaintiff to support his claim for uninsured motorist coverage were and are material to his claim, and they were reasonably relied upon by GEICO. However, according to information reported to GEICO and/or its representatives, the Plaintiff staged, conspired to stage, and/or participated in the staging of the subject motor vehicle accident. Accordingly, to the fullest extent established by the evidence, GEICO asserts fraud as an alternative affirmative defense to the Plaintiff's claims."

"Pleading fraud under 'Rule 9(b) requires the who, what, when, where, and how to be laid out in the complaint.' Perhaps this is due to the heightened sensitivity to labeling someone a fraudster, and that statements made in court are not actionable as defamation." *VeroBlue Farms*

*USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 652 (N.D. Tex. 2020) quoting *Pipefitters Local No. 636*,

499 F. App'x 345, 349 (5th Cir. 2012). In pleading fraud, many of the cases reference accusations

centering on fraudulent representations and therefore speak to the requirements of pleading this

type of fraud. "To plead fraud adequately, the plaintiff must 'specify the statements contended

to be fraudulent, identify the speaker, state when and where the statements were made, and

explain why the statements were fraudulent.' " *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 551

(5th Cir.2010). The pleadings must also set out "enough facts to state a claim to relief" or here a

valid defense "that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "Factual allegations must be enough to raise a right to relief" or a defense " above the

speculative level, on the assumption that all the allegations in the complaint[or defense] are true

…." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the

plaintiff" or here, the defendant, "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556), or in this case that the plaintiff is

guilty of the misconduct alleged in defense to his claim.

The court finds however that the fraud the plaintiff stands accused of, is not, in essence

about representations he may have made after the accident but an accusation of fraudulent

conduct—the staging of an automobile accident. The defendant has pled no facts, only its

conclusion, that the plaintiff has acted fraudulently. It has included only the conclusory

allegation that it has received information it deems indicative of the plaintiff guilty. The

defendant must plead facts indicating on what basis it accuses its insured of this fraudulent

activity, sufficient to make the accusation plausible, rather than merely possible.

Furthermore, according to GEICO's theory, the plaintiff, in furtherance of the fraudulent staging of the accident, lied to it, under oath, during its investigation of the plaintiff's claim. But its proposed amended answer fails to set forth a plausible claim of misrepresentation during the investigation. A bad character, guilty of staging the accident, would be expected to deny he had staged the accident. Likewise, the victim of a hit-and-run accident would deny staging the accident. Because GEICO has alleged no facts in support of its accusation that the plaintiff staged the accident, the pleading does not raise GEICO's defense "above the speculative level" and fails to provide any explanation of how the plaintiff's statements were fraudulent.

As to the plaintiff's motion to strike because the original answer did no more than include the word "fraud" in its affirmative defense, the court finds that the motion to strike is well-taken and should be granted. The proposed amended answer having also failed to adequately plead fraud, the court finds the motion to amend the answer should be denied. However, the court finds that this denial of leave to amend the answer shall be without prejudice. The proposed defense is clearly significant in this case, and the defendant should be afforded another opportunity to correct its pleading. The defendant may file a motion to amend its answer within fourteen days of this order.

**SO ORDERED** this the 2nd day of November, 2021.


/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**